T. J. MILLER & CO. *v.* RICHARD CUMMINS.

[Abstract Kentucky Law Reporter, Vol. 6—96.]

**Trade Name or Mark.**
    One who sells his business of distilling whisky sells also the trade name or mark of the business when such name or mark is not reserved in the sale.

APPEAL FROM BULLITT CIRCUIT COURT.

June 19, 1884.

OPINION BY JUDGE HARGIS:

The only question is, Did Richard Cummins own the trade mark, "Coon Hollow Sour Mash Whiskey," if indeed those words ever became a trade mark in the legal sense of those terms? He was conducting a small distillery of the capacity of sixty bushels in the year 1873, and after running it one year sold half of the distillery and lands about it for $3,000 to Masterson. There was no reservation of trade mark rights in the written contract of sale to Masterson, who after his purchase entered immediately into partnership with Cummins and ran the concern at a considerable loss for about four years. During that time they branded their whiskey "R. Cummins & Co.," and Masterson having made some on his own account called it "Coon Hollow Whiskey." After

they had sustained losses Cummins became anxious to sell and went about offering his interest at $1,500, holding out as an inducement the notable advantage of making whiskey in "Coon Hollow," whence the name of the brand. Finally he sold, without reservation or intimation that he was not vending the brand too, the one-half interest he held to the appellant, Miller, for $1,500, the reasonable value of the interest including the brand.

Had Cummins valued this alleged trade mark, when it originated by the coon hunt on Coon Hollow, as he does now, he would have retained his interest in it in the instruments evidencing the several sales he had made. His failure to reserve any such rights, coupled with his admissions and the peculiar character of his own views as expressed in his deposition, are, aside from the rules of law which settle the rights of the parties under the circumstances, almost if not quite conclusive that he intended in each sale to sell and convey the alleged trade mark with the property of which it was necessarily a part. In the absence of express reservations or provisions as to a trade mark when a partnership is formed, the law declares it to be an asset of the partnership, on the ground that the trade represented by the trade mark is carried into the partnership. *Bony v. Bedford,* 10 Jurist (N. S.) 503. This rule applies to a second partner who takes the place of a former partner by purchase of his interest without exceptions or reservations being made. Miller simply bought out Cummins, who retired from the partnership, and Miller took his place as owner of his interest. The testimony that Coon Hollow is a geographical name and not subject to appropriation as a trade mark is very strong and renders at least that point very doubtful. The incident which suggested the name, "Coon Hollow Whiskey," is traditionary evidence furnished by the Nimrods of the neighborhood, that that hollow is a good place for coon hunting and likely took its geographical designation from that fact. It is not necessary, however, to declare that "Coon Hollow" is not and can not become a trade mark, for we have just seen the appellee had alienated all interest he may have had in the subject before he brought this suit, and consequently had no real interest in the matter litigated.

Wherefore the judgment is *reversed* and cause remanded with directions to dismiss the action.

*W. M. Johnson, F. P. Straus, for appellants.*
*J. C. Wickliffe, W. B. Harrison, for appellee.*